15-3489-cv
*McDonald v. West*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand sixteen.

PRESENT:   DENNY CHIN,
              SUSAN L. CARNEY,
                    *Circuit Judges*,
              RICHARD M. BERMAN,
                    *District Judge*.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOEL R. MCDONALD, AKA Joel Mac,
                    *Plaintiff-Appellant*,

                    v.                                    15-3489-cv

KANYE WEST, JAY-Z, AKA Shawn Carter,
MIKE DEAN, UNIVERSAL MUSIC GROUP,
ROC-A-FELLA RECORDS LLC, DEF JAM
MUSIC, ROC NATION LLC,
                    *Defendants-Appellees*,

---

       * Judge Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.

FRANK OCEAN, AKA Christopher Breaux, SHAMA
JOSEPH, DOES 1-10, INCLUSIVE,

                                        *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        JOEL R. MCDONALD, *pro se*, Brooklyn, New
                                York.

FOR DEFENDANTS-APPELLEES:        ILENE S. FARKAS, Brad D. Rose, Rebecca M.
                                Siegel, Pryor Cashman LLP, New York, New
                                York.

Appeal from the United States District Court for the Southern District of
New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Joel R. McDonald, proceeding *pro se*, appeals from a
judgment of the district court entered September 30, 2015, dismissing his copyright
infringement action.  By memorandum and order entered the same day, the district
court granted defendants' motion to dismiss pursuant to Federal Rule of Civil
Procedure 12(b)(6) for failure to state a claim.  We assume the parties' familiarity with
the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to
Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the
complaint as true, and drawing all reasonable inferences in the plaintiff's favor."
*Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  To survive a motion to

dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In a copyright infringement action, "the works themselves supersede and control contrary descriptions of them" in the pleadings. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (quoting *Walker v. Time Life Films, Inc.*, 784 F.2d 44, 52 (2d Cir. 1986)).

To state a claim for copyright infringement, a plaintiff must plausibly allege that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because a substantial similarity exists between the defendant's work and the protectible elements of [the] plaintiff's." *Id.* at 63 (quoting *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 99 (2d Cir. 1999)).

As a general matter, the test for substantial similarity is "whether an 'ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same.'" *Id.* at 66 (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 111 (2d Cir. 2001)). Where, as here, the plaintiff's work incorporates significant elements from the public domain, the ordinary observer test becomes "more discerning" because a "'more refined analysis' is required where a plaintiff's work is not 'wholly original.'" *Boisson v. Banian, Ltd.*, 273 F.3d 262, 272 (2d Cir. 2001) (quoting *Hamil Am.*, 193 F.3d at 101-02, and *Key Publ'ns, Inc. v. Chinatown Today Publ'g Enters., Inc.*, 945 F.2d 509, 514 (2d Cir. 1991)). The plaintiff must

allege "substantial similarity between those elements, and only those elements, that provide copyrightability to the allegedly infringed compilation." *Id.* at 272 (quoting *Key Publ'ns*, 945 F.2d at 514). Courts must compare "the 'total concept and feel' of the contested works" rather than "dissect the works at issue into separate components and compare only the copyrightable elements." *Id.* (quoting *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1003 (2d Cir. 1995)). Only then can the court determine whether any similarities "are due to protected aesthetic expressions original to the allegedly infringed work, or whether the similarity is to something in the original that is free for the taking." *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 134-35 (2d Cir. 2003).

A district court can resolve the question of substantial similarity as a matter of law if "the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or because no reasonable jury, properly instructed, could find that the two works are substantially similar." *Peter F. Gaito*, 602 F.3d at 63 (quoting *Warner Bros. Inc. v. Am. Broad. Cos.*, 720 F.2d 231, 240 (2d Cir. 1983)). Because a district court faced with a motion to dismiss "has before it all that is necessary to make such an evaluation," it is "entirely appropriate" for it to evaluate substantial similarity as a matter of law and decide whether the "complaint, together with the works incorporated therein, . . . 'plausibly give rise to an entitlement to relief.'" *Id.* at 64 (quoting *Iqbal*, 556 U.S. at 679).

- 4 -

Based on those principles and a *de novo* review of the record, we conclude that the district court correctly dismissed McDonald's amended complaint. We therefore affirm for substantially the reasons stated by the district court in its thorough and well-reasoned decision.

We have considered all of McDonald's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk